IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00184-FL-3
No. 5:15-CR-00184-FL-4
No. 5:15-CR-00184-FL-5
No. 5:15-CR-00184-FL-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | O R D E R |
| MAURICE DONYAL KERSEY, | ) | |
| DARRYL BERNARD PEARSALL, JR., | ) | |
| ELIZABETH PAIGE SYKES, | ) | |
| JOHN BOYNTON SIDBURY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pre-trial motions: (1) Joint Motion to Sequester Prosecution Witnesses filed by Defendants Sidbury and Sykes [DE-125]; (2) Motion to Sequester Government Witnesses filed by Defendant Pearsall [DE-131]; (3) Motion to Sequester Witnesses filed by Defendant Kersey [DE-132]; (4) Joint Motion for Notice of Intention to Use Rule 404(b) filed by Defendants Sidbury and Sykes [DE-126]; (5) Motion for Notice of Intent to Use 404(b) Evidence filed by Defendant Pearsall [DE-130]; (6) Motion to Adopt Co-Defendants' Motion for Notice of Intention to Use Rule 404(b) filed by Defendant Kersey [DE-134]; (7) Motion to Sever filed by Defendant Kersey [DE-135]; and (8) Motion to Reveal Identity of Confidential Informant filed by Defendants Sidbury and Sykes [DE-137, -145].[1] The Government has filed responses [DE-149, -150, -152, -153] to the Defendants' respective motions, and the motions are ripe for ruling. For the reasons that follow, the motions to sequester [DE-125, -131, -132] are allowed, the motions

---

[1] An amended Motion to Reveal Identity of Confidential Informant was filed to correct the signature block for attorney Meghan A. Jones. [DE-145]. The amended motion does not contain the exhibits attached to the initial motion [DE-137, -137-1, -137-2], but the motions are substantively identical in all other respects.

for notice of intent to use Rule 404(b) evidence [DE-126, -130, -134] are allowed in part and denied in part, the motion to sever [DE-135] is denied, and the motion to reveal the identity of the confidential informant [DE-137, -145] is denied.

## I. STATEMENT OF THE CASE

On May 29, 2015, a criminal complaint was filed against Mudiwa Rufaro Makoni, charging distribution and possession with intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). [DE-1]. On June 23, the Grand Jury indicted Makoni for the same offense. [DE-13]. On July 21, the Grand Jury in a superceding indictment charged Makoni and Judson Hugh Debnam with conspiracy to distribute and possess with intent to distribute in excess of 50 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count One) and charged Makoni with distribution and possession with intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Two). [DE-21]. On August 19, the Grand Jury in a second superceding indictment charged Makoni and Debnam along with Maurice Donyal Kersey, Darryl Bernard Pearsall Jr., and John Boynton Sidbury with conspiracy to distribute and possess with intent to distribute in excess of 50 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count One); charged Makoni with distribution and possession with intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and charged Makoni, Debnam, Sidbury, and Elizabeth Paige Sykes with conspiracy to commit money laundering for purposes of promoting and concealing the drug conspiracy in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i)-(ii), & (h) (Count Three). [DE-40].

On September 1, the court entered a consent protective order to govern discovery. [DE-91]. On November 2, Debnam was arraigned and pleaded guilty to Count Three of the Second Superceding Indictment. [DE-111]. On November 5, Makoni was arraigned and pleaded guilty to all three counts of the Second Superceding Indictment. [DE-117]. On that same day, the court continued the pretrial deadlines and arraignments as to Kersey, Pearsall, Sykes, and Sidbury, so that pretrial motions were due by November 20 and the Defendants' arraignments and trial were set for February 1, 2016. [DE-119]. Defendants then timely filed the instant pretrial motions. On November 30, Senior Judge Britt entered an order of recusal, and on December 1, the case was reassigned to Judge Flanagan. [DE-160]. Sentencing hearings for Defendants Debnam and Makoni are scheduled for the February 9, 2016 term of court [DE-161, -162], and the arraignments and trial of Kersey, Pearsall, Sykes, and Sidbury are scheduled for the February 16, 2016 term of court.

## II. DISCUSSION

### A.    Motions to Sequester [DE-125, -131, -132]

Defendants Sidbury, Sykes, Pearsall and Kersey ("Defendants") move the court to sequester the Government's witnesses at trial. Defs.' Mots. [DE-125, -131, -132]. The Government asks that one investigative agent be permitted to remain in the courtroom during the trial, has no objection to the sequestration of its other witnesses, and asks that Defendants' witnesses, with the exception of Defendants themselves, likewise be sequestered. Gov't's Resp. [DE-149].

Rule 615 of the Federal Rules of Evidence provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Thus, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other

witness who has yet to testify at trial. *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (citations omitted). Excepted from sequestration are (1) the parties themselves, (2) the designated representative of an entity, (3) a person whose presence is shown by a party to be essential to the presentation of the case, or (4) a person authorized by statute to be present. Fed. R. Evid. 615(a)-(d). A government investigative agent falls within the second exception, even if the agent is expected to testify; however, only one agent may be exempted from sequestration under this exception. *Farnham*, 791 F.2d at 334 (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)); *see also United States v. Conway*, No. 5:12-CR-202-2D, 2012 WL 5425316, at *2 (E.D.N.C. Nov. 6, 2012) (unpublished) (allowing defendant's motion to sequester government witnesses with the exception of the case agent and also sequestering defense witnesses other than defendant); *United States v. Lovin*, No. 7:06-CR-45-BO-3, 2007 WL 167454, at *2 (E.D.N.C. Jan. 18, 2007) (unpublished) (denying the government's request to exempt from sequestration agents from three different government agencies who jointly conducted the investigation). Accordingly, Defendants' motions to sequester prosecution witnesses [DE-125, -131, -132] and the Government's request to sequester defense witnesses [DE-149] are allowed with the exception of the Defendants themselves and one case agent designated by the Government.

B.     **Motions for Notice of Intent to Use 404(b) Evidence [DE-126, -130, -134]**

Defendants move the court to direct the Government to advise them no later than 30 days before trial of any evidence it intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. Defs.' Mots. [DE-126, -130, -134]. Defendant Pearsall also specifically requests the names and addresses of the witnesses the Government intends to use who may testify concerning

such matters. Def.'s Mot. [DE-130] at 2. In response, the Government asserts that it is aware of its duty to provide Defendants reasonable notice in advance of trial of the general nature of any evidence offered pursuant to Rule 404(b) and that it will do so within a reasonable time, no later then one week before the commencement of trial. Gov't's Resp. [DE-152].

In a criminal case, Rule 404(b) requires that upon request by the accused, the prosecution must "provide reasonable notice of the general nature of any [Rule 404(b)] evidence" it intends to introduce at trial and "do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2). "The rule does not, however, entitle the defendant to the discovery of the 404(b) evidence itself." *United States v. Ross-Varner*, No. 5:14-CR-00206-F-6, 2015 WL 1612045, at *10 (E.D.N.C. Apr. 9, 2015) (unpublished) (citing *United States v. Graham*, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006) (noting that Rule 404(b) does not require the government to identify "the tangible evidence upon which [it] may rely to introduce the Rule 404(b) evidence")).

Here, Defendants request not only the general nature of any Rule 404(b) evidence, but the evidence itself, and Defendant Pearsall also requests the names and addresses of Government witnesses that will testify as to such evidence. Def.'s Mot. [DE-130] at 2. To the extent Defendants request notice of the general nature of any Rule 404(b) evidence the Government intends to introduce at trial, Defendants' request is allowed and this notice shall be provided at least one week (seven days) prior to trial. *See United States v. Renteria*, No. 7:12-CR-37-FA-10, 2014 WL 2616630, at *4 (E.D.N.C. June 12, 2014) (unpublished) ("Even where the charges are serious, providing 404(b) notice one week prior to trial may be sufficient.") (citing *Graham*, 468 F. Supp. 2d at 802; *United States v. Swain*, No. 4:07-CR-62-D, 2008 WL 717720, at *1 (E.D.N.C. Mar. 17, 2008) (unpublished)). To the extent Defendants seek the specific evidence on which the Government will

rely, they are not entitled to discovery of the evidence itself, but only to "notice of the general nature of any such evidence" under the rule. Fed. R. Evid. 404(b)(2)(A); *Graham*, 468 F. Supp. 2d at 802. Defendant Pearsall's request that the Government disclose any witnesses that will testify as to the 404(b) evidence is likewise denied, because it is beyond the scope of the rule. *See Graham*, 468 F. Supp. 2d at 802 ("Nothing in Rule 404(b) requires the government to identity the witnesses who will testify about the Rule 404(b) evidence or the tangible evidence upon which the government may rely to introduce the Rule 404(b) evidence."). Accordingly, Defendants' motion for notice of intent to use Rule 404(b) evidence [DE-126, -130, -134] is allowed in part and denied in part.

C.   **Motion to Sever [DE-135]**

Defendant Kersey moves the court to sever his case for trial from that of his co-defendants on the grounds that trying Kersey with his co-defendants would allow the jury to become confused and tainted by the alleged bad acts of other co-defendants unrelated to Kersey's conduct and prevent the jury from making a reliable judgment about the guilt or innocence of Kersey. Def.'s Mot. [DE-135] at 2. The Government opposes the motion on the grounds that it is contrary to the principle that jointly indicted defendants be tried together, that joinder of co-defendants for trial is highly favored in conspiracy cases such as this one, that Kersey has not carried his burden to justify severance where he has failed to articulate specific grounds in support, and there are less drastic means available to minimize the risk of prejudice, such as a limiting instruction. Gov't's Resp. [DE-150] at 4-6.

The Fourth Circuit follows the "well-established principle that defendants who are charged in the same criminal conspiracy should be tried together" and has instructed that "[j]oint trials are favored in those cases in which defendants have been indicted together for the sake of judicial economy." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (citations omitted). Rule 14(a)

of the Federal Rules of Criminal Procedure governs relief from prejudicial joinder and provides that "[i]f . . . a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). A defendant seeking relief under this rule "has the burden of demonstrating a strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). "It is not enough, however, for a defendant to merely show that severance offers 'a better chance of acquittal.'" *United States v. Jaimes-Cruz*, No. 7:08-CR-139-FL, 2009 WL 2225065, at *2 (E.D.N.C. July 24, 2009) (unpublished) (quoting *Reavis*, 48 F.3d at 767).

Kersey is charged only in Count One of the three-count indictment, along with four other individuals, with conspiracy to distribute and possess with intent to distribute in excess of 50 kilograms of marijuana. Second Superceding Indictment [DE-40]. Count Two charges Defendant Makoni with possession with intent to distribute a quantity of marijuana, and Count Three charges Defendants Makoni, Debnam, Sykes, and Sidbury with conspiracy to commit money laundering related to the alleged drug trafficking. *Id.* Defendants Makoni and Debnam have pleaded guilty [DE-111, -117] and their sentencing hearings are scheduled for the February 9, 2016 term of court [DE-161, -162]. The arraignments and trial of Kersey, Pearsall, Sykes, and Sidbury are scheduled for the February 16, 2016 term of court.

Kersey has failed to make a strong showing that prejudice will result from a joint trial in this case. The Fourth Circuit has rejected the notion that severance is required simply due to the fact that the evidence is stronger against some defendants, because "[i]f this were the case, motions to sever [in a conspiracy case] . . . would have to be granted almost as a matter of course." *United States v. Nolberto Pena*, 213 F.3d 634, 2000 WL 541087, at *9 (4th Cir. Apr. 27, 2000) (unpublished) (per

curiam) (affirming denial of motion to sever trial ) (quoting *United States v. Brooks,* 957 F.2d 1138, 1145 (4th Cir. 1992) (alterations in the original)). Furthermore, if appropriate, the trial judge may utilize a limiting instruction to minimize any potential prejudice from evidence of bad acts by Kersey's co-defendants. *Id.* Finally, there is no indication that this matter is of such complexity that the jury would confuse the evidence as to Kersey and his co-defendants. *See United States v. Johnson,* 187 F.3d 632, 1999 WL 543233, at *5-7 (4th Cir. July 27, 1999) (unpublished) (per curiam) (affirming denial of motion to sever trial where, among other things, the case was not so complex that the jury could not separate the evidence as to each defendant, the district court gave a cautionary instruction to the jury limiting the use of evidence to certain defendants, and any "spill-over" effect of 404(b) evidence admitted against co-defendants did not prejudice the moving defendant). Accordingly, the motion to sever is denied.

## D.  Motion to Reveal Identity of Confidential Informant [DE-137]

Defendants Sidbury and Sykes move the court for an order directing the Government to reveal the identity of the confidential informant who provided information that marijuana packages were being delivered to Sykes home, which was included in a December 3, 2014 application for an order to obtain information from Sidbury's cell phone. Defs.' Mot. [DE-137] at 1-2. Defendants contend that the confidential informant is a key participant who "appears [to be] a jilted and scorned former lover of Mr. Sidbury and, therefore, held a bias against him and other women he knew, like Ms. Sykes," or perhaps is affiliated with law enforcement. *Id.* at 3-5. Defendants further assert that the confidential informant's testimony is "highly relevant to the defense," because the confidential informant is the sole material witness to Sykes accepting packages of marijuana for Sidbury. *Id.* at 4. The Government asserts that the police department initially received "a number of anonymous

tips" that Sidbury was distributing marijuana and laundering the proceeds and that an anonymous tip letter was faxed to the police department on June 4, 2015. Gov't's Resp. [DE-153] at 1-2. The Government further asserts that investigators have "their own opinions and beliefs" regarding the original written tips and the telephone tip, but have not confirmed the identity of the individual. *Id.* at 2-3. Finally, the Government asserts that although investigators believe they know the identity of the individual who submitted the June 4 tip letter, the Government is not required to disclose the identity, because the tipster is "not a former lover of Sidbury, a participant in the crime, or a law enforcement officer," but rather is "simply a concerned citizen with access to detailed information about ongoing criminal activity who wished to anonymously report it to law enforcement." *Id.* at 4-5. The Government cautions that ordering disclosure would have a chilling effect on citizens' willingness to provide information to law enforcement. *Id.* at 5.

There is no fixed rule to determine whether disclosure of a confidential informant's identity is required, but rather the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro v. United States*, 353 U.S. 53, 62 (1957). "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* "The Fourth Circuit has held that 'when the informant is an active participant in the transactions at issue instead of just a mere tipster, the failure to require disclosure of the informant's identity is more likely to amount to error.'" *United States v. Howard*, No. 5:12-CR-9-D, 2012 WL 2525625, at *4 (E.D.N.C. June 29, 2012) (unpublished) (quoting *United States v. Blevins*, 960 F.2d 1252, 1258 (4th Cir. 1992) & citing *United States v. Price*, 783 F.2d 1132, 1138-39 (4th Cir. 1986)). "This is

particularly true in cases where the informant is the only witness other than the defendant who has first hand knowledge of critical portions of the criminal activity." *Blevins*, 960 F.2d at 1258 (citing *Roviaro*, 353 U.S. at 63-64; *Price*, 783 F.2d at 1139). However, "[d]isclosure is not required despite the fact that a criminal defendant may have no other means of determining what relevant information the informant possesses" and "[t]he defendant must come forward with something more than speculation as to the usefulness of such disclosure." *United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir. 1985) (citations omitted). "Disclosure is only required after a court has determined that the informer's testimony is highly relevant." *Id.* (citation omitted). "The decision of whether the testimony of the informer will be relevant and helpful is usually within the trial judge's discretion." *Id.* (citation omitted).

Here, not knowing the identity of the confidential informant, Defendants can only speculate based on the information this individual provided, which was used in the warrant application, that he or she had a relationship with Sidbury or may have been associated with law enforcement. Defs.' Mot. [DE-137] at 3-5. The Government avers, however, that the confidential informant is a "not a former lover of Sidbury, a participant in the crime, or a law enforcement officer," but simply a concerned-citizen tipster. Gov't's Resp. [DE-153] at 4-5. There is no indication that the confidential informant was a participant in the alleged criminal activity, and the confidential informant's status as a mere tipster, while not dispositive, is significant and weighs against ordering disclosure. *See United States v. Vega*, 120 F. App'x 457, 460 (4th Cir. Jan. 27, 2005) (unpublished) ("[T]he informant's role in the specific investigation is one factor under the balancing test . . . .") (citing *Blevins*, 960 F.2d at 1259 (citing *Price*, 783 F.2d at 1138-39)); *United States v. Gray*, 47 F.3d 1359, 1365 (4th Cir. 1995) (characterizing the informant's involvement in the criminal acts of the accused

as an "important factor affecting disclosure").

Defendants contend, relying on *Roviaro*, that even if the confidential informant is not a key participant, his or her possible testimony is highly relevant as the "one material witness" to Sykes accepting marijuana packages for Sidbury and could "throw doubt on" Sykes' identity, Sidbury's involvement, the contents of the package, Sykes' knowledge of the package, or on Sykes' intent to accept a package for Sidbury. Defs.' Mot. [DE-137] at 4 (citing *Roviaro*, 353 U.S. at 64). The circumstances in *Roviaro*, however, are distinguishable from the instant case, where the confidential informant in *Roviaro* "helped to set up the criminal occurrence and had played a prominent part in it," so that the circumstances demonstrated the confidential informant's "possible testimony was highly relevant and might have been helpful to the defense." 353 U.S. at 63-64. The circumstances here are more akin to those in *United States v. Poms*, 484 F.2d 919, 922 (4th Cir. 1973), where the Fourth Circuit found the district court properly refused to require disclosure of a confidential informant's identity because "the informant was used only for the limited purpose of obtaining a search warrant." Like the confidential informant in this case, the informant in *Poms* provided information to law enforcement that defendant and an associate were engaged in narcotics trafficking and that information was used by law enforcement to obtain a search warrant:

> Federal authorities had received information from a confidential informant regarding Poms and one Gabriel D. Bobrow on several occasions in the two weeks preceding the date of Poms' arrest. The informant stated that Bobrow was heavily engaged in narcotics trafficking. The source reported also that Poms was associated with Bobrow in the latter's criminal activities and was presently and had been for several months living in Bobrow's apartment. The informant further revealed that Poms habitually carried a brown leather shoulder bag which always contained an automatic pistol.
>
> On the basis of the information supplied by the informant a search warrant was secured for Bobrow's apartment on March 29, 1972.

*Id.* at 920. The district court denied the defendant's motion seeking disclosure of the identity of the confidential informant. *Id.* at 922-23. The Fourth Circuit found no error, based on the informant's use for the limited purpose of obtaining a search warrant and distinguishing *Roviaro* because there was no claim asserted that the informant played a substantial role in the defendant's criminal conduct. *Id.* (citations omitted).

Furthermore, in *Roviaro* the confidential informant was the sole participant other than the defendant and, therefore, the only material witness who could have controverted the Government's witnesses. 353 U.S. at 629-30. Here, Defendants are charged in a drug trafficking conspiracy with four other members and a money laundering conspiracy with two other members,[2] the confidential informant identified two uncharged individuals by name who allegedly also allegedly received packages of marijuana from Sidbury, and law enforcement through surveillance and investigation obtained what they believe to be activity by Sidbury consistent with drug trafficking, including conducting large cash transactions, using funnel accounts, maintaining large sums of cash and making large cash deposits into Sykes' account despite being unemployed and reporting no income for three years, using rental vehicles that are changed regularly to travel between North Carolina and California, and that Sykes' cash flow far exceeded her financial footprint and employment with a pharmaceutical company. Defs.' Mot. [DE-137] at 1, Ex. 1 [DE-137-1], Ex. 2 [DE-137-2]. Therefore, this is not a case where disclosure is mandated because "a confidential informant has participated in the charged offense, and the informant was the only participant other than the accused." *See United States v. Martinez*, 286 F. App'x 809, 815 (4th Cir. June 24, 2008)

---

[2] Debnam has pleaded guilty to Count Three of the Second Superceding Indictment [DE-111], and Makoni has pleaded guilty to all three counts of the Second Superceding Indictment [DE-117].

(unpublished) (per curiam) (citing *McLawhorn v. State of North Carolina*, 484 F.2d 1, 8 n.19 (4th Cir. 1973)). Rather, the confidential informant in the present case appears substantially less significant than the *Roviaro* informer. Under the circumstances presented here, the court finds that Defendants have failed to carry their burden to demonstrate the confidential informant's testimony is "highly relevant," *Smith*, 780 F.2d at 1108, and that "the public interest in protecting the flow of information" outweighs Defendants' right to disclosure, *Roviaro*, at 353 U.S. at 62. Accordingly, the motion to reveal the identity of the confidential informant [DE-137] is denied.

### III. CONCLUSION

For the reasons set forth above, the motions to sequester [DE-125, -131, -132] are allowed, the motions for notice of intent to use Rule 404(b) evidence [DE-126, -130, -134] are allowed in part and denied in part, the motion to sever [DE-135] is denied, and the motion to reveal the identity of the confidential informant [DE-137, -145] is denied.

SO ORDERED, this the 17 day of December 2015.

Robert B. Jones, Jr.
United States Magistrate Judge